**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| F2VS TECHNOLOGIES, LLC, | CIVIL ACTION NO. _____ |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| RUCKUS WIRELESS, INC., | |
| Defendant. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff F2VS Technologies, LLC (hereinafter, "Plaintiff" or "F2VS"), by and through

its undersigned counsel, files this Original Complaint for Patent Infringement against Defendant

Ruckus Wireless, Inc. (hereinafter, "Defendant" or "Ruckus") as follows:

## NATURE OF THE ACTION

1.      This is a patent infringement action to stop Defendant's infringement of

Plaintiff's United States Patent Nos. 7,379,981 (hereinafter, the "'981 Patent"), 8,700,749

(hereinafter, the "'749 Patent"), and 8,855,019 (hereinafter, the "'019 Patent") (collectively, the

"Patents-in-Suit"), copies of which are attached hereto as **Exhibits A, B and C,** respectively.

Plaintiff is the owner of the Patents-in-Suit.  Plaintiff seeks injunctive relief and monetary

damages.

## PARTIES

2.      F2VS is a limited liability company organized and existing under the laws of the State of Delaware and maintains its principal place of business at 375 Park Avenue, Suite 2607, New York, New York, 10152 (New York County).

3.      Based upon public information, Defendant Ruckus Wireless, Inc. is a corporation duly organized and existing under the laws of the state of Delaware since August 19, 2002, and has its principal place of business located at 350 West Java Drive, Sunnyvale, California, 94089 (Santa Clara County).  Defendant may be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801 (New Castle County).

4.      Based upon public information, Defendant ships, distributes, makes, uses, offers for sale, sells, and/or advertises its products under the ZoneFlex, ZoneDirector, and SmartZone brands.

## JURISDICTION AND VENUE

5.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6.      The Court has personal jurisdiction over Ruckus because: Ruckus has minimum contacts within the State of Delaware and in the District of Delaware; Ruckus has purposefully availed itself of the privileges of conducting business in the State of Delaware and in the District of Delaware; Ruckus has sought protection and benefit from the laws of the State of Delaware and is incorporated there; Ruckus regularly conducts business within the State of Delaware and

within the District of Delaware, and Plaintiff's causes of action arise directly from Ruckus's business contacts and other activities in the State of Delaware and in the District of Delaware.

7.      More specifically, Ruckus, directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in the United States, the State of Delaware, and the District of Delaware. Based upon public information, Ruckus has committed patent infringement in the State of Delaware and in the District of Delaware.  Ruckus solicits customers in the State of Delaware and in the District of Delaware.  Ruckus has many paying customers who are residents of the State of Delaware and the District of Delaware and who use Ruckus's products in the State of Delaware and in the District of Delaware.  Ruckus is also incorporated in the State of Delaware and in the District of Delaware.

8.      Venue is proper pursuant to 28 U.S.C. §1400(b) because Ruckus resides in the District of Delaware because of its formation under the laws of Delaware.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Ruckus resides in the District of Delaware because of its formation under the laws of Delaware, which subjects it to the personal jurisdiction of this Court.

## BACKGROUND INFORMATION

10.      The Patents-in-Suit were duly and legally issued by the United States Patent and Trademark Office on May 27, 2008 (the '981 Patent), April 15, 2014 (the '749 Patent), and October 7, 2014 (the '019 Patent) after full and fair examinations.  Plaintiff is the owner of the Patents-in-Suit, and possesses all right, title and interest in the Patents-in-Suit including the right

PLAINTIFF'S ORIGINAL COMPLAINT

to enforce the Patents-in-Suit, the right to license the Patents-in-Suit, and the right to sue Ruckus

for infringement and recover past damages.

11.     Based upon public information, Ruckus owns, operates, advertises, and/or

controls the website www.ruckuswireless.com, through which Ruckus advertises, sells, offers to

sell, provides and/or educates customers about its products and services, including but not

limited to the following products (collectively, the "Accused Products and Services") from the

Ruckus ZoneFlex, ZoneDirector, and SmartZone brands, including the following models:

"ZoneDirector 1200," "ZoneDirector 3000," "C110," "H510," "R510," "R610," "R710,"

"R720," "H500," "R310," "R500," "R600," "R700," "T300," "T301 Series," "T610," "T710,"

"ZF7781CM,".  Evidence obtained from Ruckus's website (and others) regarding these products

is provided in **Exhibits D through G,** and is also located at:

- https://www.ruckuswireless.com/products/access-points/zoneflex-outdoor

- https://www.ruckuswireless.com/products/access-points/zoneflex-indoor

- https://www.ruckuswireless.com/products/access-points

- https://www.ruckuswireless.com/products/system-management-control

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,379,981

12.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-11 above.

13.     Plaintiff is informed and believes that Ruckus has infringed and continues to

infringe the '981 Patent, either literally or under the doctrine of equivalents, through the

manufacture and sale of infringing products under the ZoneFlex, ZoneDirector, and SmartZone

brands, and other product lines.  Based upon public information, Ruckus has infringed and

continues to infringe one or more claims of the '981 Patent, including Claim 1, because it ships

distributes, makes, uses, imports, offers for sale, sells, and/or advertises devices that form a self-configuring wireless network that incorporates a group of virtual nodes coupled to a gateway to provide a communication access point between the nodes and an external network (remote control via internet or other network). Ruckus's Accused Products and Services are available for sale on its website and through various retailers located throughout the United States.  See, e.g., **Exhibits D through G.**

14.    Based upon public information, Ruckus has intentionally induced and continues to induce infringement of one or more claims of the '981 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Ruckus's customers to use the Accused Products and Services in an infringing manner.  Despite knowledge of the '981 Patent as early as the date of service of the Original Complaint in this action, Ruckus, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the '981 Patent.  Based upon public information, the provision of and sale of the Accused Products and Services is a source of revenue and a business focus of Ruckus.  Based upon public information, Ruckus specifically intends its customers to use its products and services in such a way that infringes the '981 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Ruckus's website including information brochures, promotional material, and contact information.  See e.g. **Exhibits D through G.**  Specifically, Ruckus offers design services to select, deploy and integrate Ruckus's products to assist its customers in establishing and using

mesh systems.  <u>See e.g.</u> **Exhibits D through G**.  Based upon public information, Ruckus knew that its actions, including, but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

15.     Ruckus's aforesaid activities have been without authority and/or license from Plaintiff.

16.     Plaintiff is entitled to recover from Ruckus the damages sustained by Plaintiff as a result of Ruckus's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

17.     Ruckus's infringement of Plaintiff's rights under the '981 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 8,700,749**

18.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-11 above.

19.     Plaintiff is informed and believes that Ruckus has infringed and continues to infringe the '749 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing products under the ZoneFlex, ZoneDirector, and SmartZone brands, and other product lines.  Based upon public information, Ruckus has infringed and continues to infringe one or more claims of the '749 Patent, including Claim 1, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises devices that form a self-

configuring wireless network that incorporates a group of virtual network nodes coupled to a gateway to provide a communication access point between the nodes and an external network (remote control via internet or other network). Ruckus's Accused Products and Services are available for sale on its website and through various retailers located throughout the United States.  See, e.g., **Exhibit D** through G**.**

20.     Based upon public information, Ruckus has intentionally induced and continues to induce infringement of one or more claims of the '749 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Ruckus's customers to use the Accused Products and Services in an infringing manner.  Despite knowledge of the '749 Patent as early as the date of service of the Original Complaint in this action, Ruckus, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the '749 Patent.   Based upon public information, the provision of and sale of the Accused Products and Services is a source of revenue and a business focus of Ruckus.  Based upon public information, Ruckus specifically intends its customers to use its products and services in such a way that infringes the '749 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Ruckus's website including information brochures, promotional material, and contact information.  See e.g. **Exhibits D through G.**  Specifically, Ruckus offers design services to select, deploy and integrate Ruckus's products to assist its customers in establishing and using mesh systems.  See e.g. **Exhibits D through G**. Based upon public information, Ruckus knew

that its actions, including, but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

21.     Ruckus's aforesaid activities have been without authority and/or license from Plaintiff.

22.     Plaintiff is entitled to recover from Ruckus the damages sustained by Plaintiff as a result of Ruckus's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

23.     Ruckus's infringement of Plaintiff's rights under the '749 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 8,855,019

24.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-11 above.

25.     Plaintiff is informed and believes that Ruckus has infringed and continues to infringe the '019 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing products under the ZoneFlex, ZoneDirector, and SmartZone brands, and other product lines.  Based upon public information, Ruckus has infringed and continues to infringe one or more claims of the '019 Patent, including Claim 1, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises devices that form a self-configuring wireless network that incorporates a group of virtual network nodes coupled to a

gateway to provide a communication access point between the nodes and an external network (remote control via internet or other network). Ruckus's Accused Products and Services are available for sale on its website and through various retailers located throughout the United States.  See, e.g., **Exhibits D through G.**

26.     Based upon public information, Ruckus has intentionally induced and continues to induce infringement of one or more claims of the '019 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Ruckus's customers to use the Accused Products and Services in an infringing manner.  Despite knowledge of the '019 Patent as early as the date of service of the Original Complaint in this action, Ruckus, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the '019 Patent.  Based upon public information, the provision of and sale of the Accused Products and Services is a source of revenue and a business focus of Ruckus.  Based upon public information, Ruckus specifically intends its customers to use its products and services in such a way that infringes the '019 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Ruckus's website including information brochures, promotional material, and contact information.  See e.g. **Exhibits D through G.**  Specifically, Ruckus offers design services to select, deploy and integrate Ruckus's products to assist its customers in establishing and using mesh systems.  See e.g. **Exhibits D through G.**  Based upon public information, Ruckus knew that its actions, including, but not limited to any of the aforementioned products and services,

would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

27.     Ruckus's aforesaid activities have been without authority and/or license from Plaintiff.

28.     Plaintiff is entitled to recover from Ruckus the damages sustained by Plaintiff as a result of Ruckus's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

29.     Ruckus's infringement of Plaintiff's rights under the '019 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

30.     Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

31.     Plaintiff respectfully requests the following relief:

A.     An adjudication that one or more claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by the Ruckus;

B.     An adjudication that Ruckus has induced infringement of one or more claims of the Patents-in-Suit based upon post-filing date knowledge of the Patents-in-Suit;

C.      An award of damages to be paid by Ruckus adequate to compensate Plaintiff for Ruckus's past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Ruckus's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D.      A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Ruckus and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to any one or more of the claims of the Patents-in-Suit;

E.      That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

F.      Any further relief that this Court deems just and proper.

Dated: <u>June 13, 2017</u>                    Respectfully submitted,


/s/ *Stamatios Stamoulis*


**STAMOULIS & WEINBLATT LLC**
Stamatios Stamoulis (#4606)
stamoulis@swdelaw.com
Richard C. Weinblatt (#5080)
weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, Delaware 19809
Telephone: (302) 999-1540

**HENINGER GARRISON DAVIS, LLC**
James F. McDonough, III (Bar No. 117088, GA)*
Jonathan R. Miller (Bar No. 507179, GA)*
Travis E. Lynch (Bar No. 162373, GA)*
3621Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0869, 0863, 0867
Facsimile: (205) 547-5502, 5506, 5515
Email: jmcdonough@hgdlawfirm.com
Email: jmiller@hgdlawfirm.com
Email: tlynch@hgdlawfirm.com

*Attorneys for Plaintiff*
*F2VS Technologies, LLC*

* *Pro Hac Vice* anticipated